UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SCS DIRECT, INC. | : | Case No.: 3:14-cv-00020-JBA |
| | : | |
| Plaintiff, | : | **AMENDED COMPLAINT** |
| against - | : | |
| | : | |
| INSASSY, INC. | : | JULY 6, 2015 |
| | : | |
| Defendant. | : | **Jury Trial Demanded** |

Plaintiff, SCS Direct, Inc. ("SCS Direct"), by and through its attorneys, for its complaint against Defendant, Insassy, Inc. ("Insassy"), alleges as follows:

### INTRODUCTION

1. This is an action in law and equity for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and unfair competition under the Connecticut Unfair Trade Practices Act, Connecticut General Statutes §§ 42-110a, *et seq.*, as well as other claims under the common law.

2. SCS Direct has sold its Loom Bands rubber band product since in or about July 2013. SCS Direct primarily sells its Loom Bands product through the on-line retailer, Amazon.com ("Amazon") using the seller name "Loom Bands." Its Loom Bands product has been a widely selling product on Amazon, the world's largest on-line retailer. A copy of the SCS Direct Amazon webpage showing the advertising of SCS Direct's Loom Bands product,

1

including its picture and logo design, packaging and product description (the "SCS Loom Bands Trade Dress"), is attached hereto as Exhibit A.  A zoomed-in image of the design packaging, as found on that webpage, is attached hereto as Exhibit B.

3. More particularly, the SCS Loom Bands Trade Dress involves the total image of Exhibit A, including certain features, with specific sizes, shapes, color schemes, text and graphics.  The features include a particular layout and a specific spatial relationship of the various elements appearing on the SCS Loom Bands Trade Dress.  It includes, *inter alia,* design packaging with a child's hand with colorful bracelets; "Loom Bands" diagonally written in a particular script font in multicolor lettering; a blue band with certain wording crossing the design's middle section with text identifying the contents of the package directly beneath the band; and a colored circle in the design's upper left corner with specific text.

4. Insassy, an SCS Direct business competitor, in its own name and under various aliases, has sold a rubber band product on Amazon using the SCS Loom Bands Trade Dress in connection with the sale, advertising and packaging of its own rubber band product. A copy of the Insassy Amazon webpage showing such use is attached hereto as Exhibit C.  SCS Direct has never given Insassy authorization to use the SCS Loom Bands Trade Dress in its advertising, marketing, packaging, or otherwise.  In fact, Insassy – or one of its various business aliases – has advertised under SCS Direct's Loom Bands product's Amazon listing using the SCS Loom Bands Trade Dress to sell its products.  Insassy purposefully used various business aliases, so

that it could continue using SCS Loom Bands Trade Dress in selling its own rubber band product, to thwart SCS Direct's and Amazon's efforts to prevent Insassy's wrongful misconduct.

5.      Without SCS Direct's authorization, Insassy has used and displayed the SCS Loom Bands Trade Dress in advertising and selling its rubber band product on Amazon.

6.      SCS Direct built up substantial goodwill on Amazon including receiving hundreds of positive reviews for its Loom Bands products, which were sold using the SCS Loom Bands Trade Dress packaging. Insassy has used the SCS Loom Bands Trade Dress in the sale of its own rubber band products to confuse customers by making customers believe that they are or were purchasing SCS Direct's Loom Bands Product and to pass off its own products as SCS Direct's Loom Bands products. Insassy has wrongfully used as its own the SCS Loom Bands Trade Dress to its benefit and to SCS Direct's detriment.

7.      Insassy's wrongful activities have caused damages to SCS Direct, and its wrongful activities may continue unless enjoined by the Court.

## PARTIES

8.      SCS Direct is a Connecticut corporation with a principal place of business at 100 Raton Drive, Milford, Connecticut.

9.      Insassy is believed to be a California corporation with a principal place of business at 250 Clary Avenue, San Gabriel, California.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1332, and 15 U.S.C. §1121. This Court has supplemental jurisdiction over the Connecticut state law and common law claims pursuant to 28 U.S.C. §1367(a).

11. This Court has personal jurisdiction over Insassy pursuant to Conn. Gen. Stat. § 33-929, since it sells and ships its infringing products to purchasers in Connecticut, enters into agreements with purchasers in Connecticut for its infringing products, distributes its infringing products with the reasonable expectation that such products are to be used or consumed in Connecticut and are so used or consumed, committed tortious conduct in Connecticut by selling infringing products into Connecticut, and has targeted SCS Direct in Connecticut as SCS Direct's distinctive picture and logo design, packaging and product description for Loom Bands products, which was copied by Insassy, identifies SCS Direct's location in Connecticut.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTS COMMON TO THE COUNTS

### I. SCS DIRECT'S VALUABLE INTELLECTUAL PROPERTY

13. In or about July 2013, SCS Direct began selling its Loom Bands rubber band product with the SCS Loom Bands Trade Dress, as further described above, which included a picture and logo design, packaging and a product description.

4

14. Since July 2013, SCS Direct has sold its Loom Bands product on Amazon throughout the United States, including Connecticut. It has continuously sold its Loom Bands product using the SCS Loom Bands Trade Dress.

15. The distinctiveness and strength of the SCS Loom Bands Trade Dress has not been diluted by third-party use.

16. SCS Direct's Loom Bands product, including its SCS Loom Bands Trade Dress, is widely recognized by the trade and the public and has built up extensive goodwill. For example, SCS Direct has generated hundreds of positive reviews from customers on Amazon as a result of its sale of the Loom Bands product, with SCS Loom Bands Trade Dress.

17. As a result of the widespread use and display of SCS Direct's Loom Bands product, including its SCS Loom Bands Trade Dress, (a) the public, including users of Amazon, uses the SCS Loom Bands Trade Dress to identify and refer to SCS Direct's Loom Bands product, and thus the trade dress serves primarily as a designation of origin of products emanating from SCS Direct and (b) the trade dress has built up secondary meaning and extensive goodwill, as evidenced, at least in part, by the positive reviews received by SCS Direct for its sale of the Loom Bands products on Amazon.

## II.   DEFENDANT'S UNFAIR COMPETITION

18. Insassy has been using the SCS Loom Bands Trade Dress with full knowledge that SCS Direct has consistently and exclusively used that trade dress, and with full knowledge that it has used that trade dress without SCS Direct's authorization.

19. Insassy has willfully, in bad faith and intentionally deceived the public and the trade into believing its rubber band product is in fact SCS Direct's Loom Bands product, or is in some way associated therewith, based on its unauthorized use of the SCS Loom Bands Trade Dress in connection with its advertising, marketing, selling, distributing, and packaging of its rubber band product.

20. Thus, customers are deceived by Insassy's advertising and marketing, when purchasing its product, since they expect to receive SCS Direct's Loom Bands product, given Insassy's wrongful use of the SCS Loom Bands Trade Dress.

## III.   IRREPARABLE HARM

21. The marketing, distribution and sale of Insassy's rubber band product, with the SCS Loom Bands Trade Dress, is likely to continue to cause confusion, mistake and/or deception as to the source of origin of Insassy's rubber band products in that the public is likely to believe that Insassy's products are the same as SCS Direct's products, and/or that Insassy's products are provided by, sponsored by, approved by and/or licensed by SCS Direct and/or provided by,

sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to SCS Direct.

22. Unless restrained by this Court, Insassy will continue to willfully and intentionally market its products and pass off its products as SCS Direct's products, causing irreparable harm to SCS Direct.

23. SCS Direct has no adequate remedy at law.

**FIRST COUNT** **(FALSE DESIGNATION OF ORIGIN)**

24. SCS Direct repeats and realleges each and every allegation of paragraphs 1 through 23, as though fully set forth herein.

25. The SCS Loom Bands Trade Dress is non-functional as the SCS Loom Bands Trade Dress is on the packaging of the Loom Bands product and there are multiple alternative designs for packaging of the Loom Bands product that do not impact its function, as evidenced by the numerous sellers of rubber bands products on Amazon that do not use the SCS Loom Bands Trade Dress on advertising or packaging.

26. The SCS Loom Bands Trade Dress is distinct and has acquired secondary meaning as consumers link the SCS Loom Bands Trade Dress to SCS Direct as evidenced by facts including but not limited to SCS Direct's use of the SCS Loom Bands Trade Dress since 2013, SCS Direct's substantial sales of Loom Bands products dating back to 2013, hundreds of positive reviews generated on Amazon from purchasers of the SCS Direct's Loom Bands

product sold under the SCS Loom Bands Trade Dress that are visible on Amazon, and attempts by Insassy to sell rubber band products copying the SCS Loom Bands Trade Dress.

27. There is a likelihood of confusion between SCS Direct's Loom Bands product and Insassy's rubber band product as Insassy has used the SCS Loom Bands Trade Dress in the sale of its own rubber band product, including on Amazon, to confuse customers by making customers believe that they are purchasing SCS Direct's Loom Bands Product and to pass off its own product as SCS Direct's Loom Bands product. For example, customers on Amazon reviewing Insassy's rubber band product on Amazon's site would have been led to believe that they were purchasing SCS Direct's Loom Bands product when in fact they were purchasing Insassy's rubber bands product with the same trade dress.

28. Insassy's acts, as alleged, constitute false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

29. Upon information and belief, by such wrongful acts, Insassy has caused, and unless restrained by the Court, will continue to cause, serious irreparable injury and damage to SCS Direct and to the goodwill associated with SCS Direct's Loom Bands product, including diversion of customers, lost sales and lost profits.

8

**SECOND COUNT  (UNFAIR COMPETITION)**

30. SCS Direct repeats and realleges each and every allegation of paragraphs 1 through 29, as though fully set forth herein.

31. Insassy's acts, as alleged, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

32. SCS Direct has been damaged by Insassy's acts, as alleged.

**THIRD COUNT  (CONNECTICUT UNFAIR TRADE PRACTICES)**

33. SCS Direct repeats and realleges each and every allegation of paragraphs 1 through 32 as though fully set forth herein.

34. Insassy is engaged in trade or commerce in Connecticut within the meaning of Section 42-110a(4) of the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat.* § 42-110a, *et seq.* ("CUTPA"), and its misconduct, as set forth above, was done in the course of trade or commerce in Connecticut.

35. The acts of Insassy set forth above offend public policy, constitute immoral, unethical, oppressive and unscrupulous conduct, and cause substantial injury to SCS Direct.

36. By the virtue of this conduct, Insassy has violated the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat.* §§42-110a, *et seq.*

37. As a result of the foregoing, SCS Direct has suffered ascertainable loss of money or property.  SCS Direct is also entitled to equitable relief, so that Insassy permanently ceases

using the SCS Loom Bands Trade Dress in connection with the sale, advertising or packaging of its products.

38. A copy of this Amended Complaint will be mailed to the Attorney General of the State of Connecticut and to the Commissioner of Consumer Protection of the State of Connecticut pursuant to *Conn. Gen. Stat.* §42-110g(c).

**FOURTH COUNT**  (**COMMON LAW UNFAIR COMPETITION**)

39. SCS Direct repeats and realleges each and every allegation of paragraphs 1 through 38 as though fully set forth herein.

40. Insassy's acts, as alleged, constitute unfair competition and/or infringement of SCS Direct's rights under the common law.

41. SCS Direct has been damaged by Insassy's acts, as alleged.

**PRAYER FOR RELIEF**

**WHEREFORE,** SCS Direct prays that the Court enter judgment:

A.     Granting a preliminary and permanent injunction restraining Insassy, its officers, directors, members, principals, agents, servants, employees, successors and assigns, and all individuals or entities acting in concert or participation with Insassy, from:

   1)     using any names, words, designation, logos, labels, packaging or symbols which are confusingly similar to, or which colorably imitate, the SCS Loom Bands Trade Dress, or which are likely to cause confusion or mistake in the mind of the public or to deceive the public into the belief that Insassy's business or products are in any way associated with or related to SCS Direct's products, including, but not limited to, the SCS Loom Bands Trade Dress.

   2)     engaging in false designation of origin, false description, false advertising or false representations or otherwise engaging in unfair competition, unfair business or deceptive trade practices or competing unfairly with SCS Direct; and

   3)     engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or association of Insassy products with those of SCS Direct.

B.     Directing Insassy, its officers, directors, members, principals, agents, servants, employees, successors and assigns, and all individuals or entities acting in concert or

11

participation with Insassy, to use their best efforts to recall from the trade, including any and all distributors, wholesalers, dealers, retailers and all other third parties, any and all infringing products bearing the SCS Loom Bands Trade Dress, along with all marketing, advertising, promotional and sales materials used in connection with its products and/or in the performance of Insassy's business.

    C.    Directing Insassy to file with the Court and serve on counsel for SCS Direct within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which Insassy has complied with the injunction.

    D.    Directing Insassy, and all individuals, entities or business aliases, acting in concert or participation with Insassy, to account for all gains, profits and advantages derived from the acts of infringement, false designation, passing off and unfair competition and for its other violations of law.

    E.    Directing that Insassy be ordered to pay to SCS Direct all profits realized by Insassy by reason of the unlawful acts by Insassy as set forth in this Complaint, pursuant to 15 U.S.C. §1117 and common law.

    F.    Directing that Insassy be ordered to pay to SCS Direct all damages suffered by SCS Direct by reason of the unlawful acts by Insassy as set forth in this Complaint, pursuant to 15 U.S.C. §1117 and common law.

G.      Directing that Insassy be ordered to pay treble damages to SCS Direct on account of Insassy's willful, intentional and bad faith conduct pursuant to 15 U.S.C. §1117;

H.      Directing that Insassy be ordered to pay to SCS Direct damages, attorneys' fees and costs, punitive and exemplary damages as provided by common law and statutory law, including, but not limited to, pursuant to *Conn. Gen. Stat.* §42-110a *et seq.,* including any equitable relief pursuant to CUTPA;

I.      Directing that Insassy be ordered to pay to SCS Direct its reasonable attorneys' fees, costs and disbursements incurred herein in view of Insassy's intentional and willful infringement, pursuant to 15 U.S.C. §1117;

J.      Awarding SCS Direct pre-judgment and post-judgment interest to the maximum extent provided by law; and

K.      Awarding SCS Direct such other and further relief as the Court may deem just and proper.

                              **SCS DIRECT, INC.**

                              By: /s/ David E. Dobin
                                 Ari J. Hoffman (ct22516)
                                 David E. Dobin (ct28526)
                                 1115 Broad Street, Bridgeport, CT 06601
                                 Tel: (203) 337-4182 Fax: (203) 337-5582
                                 E-Mail: ahoffman@cohenandwolf.com
                                 E-Mail: ddobin@cohenandwolf.com

Dated: Bridgeport, Connecticut
July 6, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on the date herein, a copy of the foregoing Amended Complaint dated July 6, 2015, was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing. Parties may access the foregoing filings and this Certification of Service through the Court's system.

/s/ David E. Dobin
David E. Dobin